IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Hector Moreno,<br><br>       Plaintiff,<br><br>v.<br><br>Danny James Martin d/b/a Martin Motors and<br>Shane Allen Martin d/b/a Martin Motors<br><br>       Defendants. | Case No. _____<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiff, Hector Moreno ("Plaintiff"), by and through their attorneys, James M. Dore, complain against Danny James Martin d/b/a Martin Motors ("Defendant" or "Danny Martin") and Shane Allen Martin d/b/a Martin Motors ("Defendant" or "Shane Martin"). Danny Martin and Shane Martin may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Beaumont, Texas; and he was employed by Defendants.

3. Martin Motors is a business that is located, headquartered, and conducts business in Beaumont, Texas.

4. Danny Martin is the owner and President of Martin Motors, and Shane Martin is its General Manager. They are in charge of its employees. On information and belief, Danny Martin and Shane Martin are residents of Beaumont, Texas.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of Texas because all underlying facts and transactions occurred in or about Beaumont, Texas.

## Facts Common To All Claims

8. Martin Motors is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Danny Martin and Shane Martin are an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Martin Motors; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Martin Motors in or before May 2018 until June 2020, then returned on March 2021 until the present time.

12. At all times, Plaintiff held the same position at Martin Motors, he is an auto detailer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform auto detailing duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 52 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $12.50 per hour.

17. Throughout the course of Plaintiff's employment with Defendants Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes:

(i) $9,075.00 in unpaid overtime wages; (ii) liquidated damages of $9,075.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Hector Moreno respectfully requests that the Court enter a judgment in their favor and against Defendants jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $9,075.00

B. An award liquidated damages in an amount equal to at least $9,075.00 ;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

Hector Moreno

/s/James M. Dore
By Their Attorney

James M. Dore
Texas Bar 24128272
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-415-4898
jdore@justicialaboral.com

**PLAINTIFFS DEMAND TRIAL BY JURY**